**JACKSON AND COKER, INC., Plaintiff,**

v.

**A.J. LYNAM and Connie M. Lynam, Defendants.**

**A.J. LYNAM and Connie M. Lynam, Plaintiffs,**

v.

**JACKSON AND COKER, INC., Defendant.**

Civ. A. Nos. 91–5127, 92–2311.

United States District Court, E.D. Pennsylvania.

Jan. 29, 1993.

Alan B. Epstein, Jablon, Epstein and Wolf, Philadelphia, PA, for A.J. and Connie M. Lynam.

Debbie R. Sandler, White and Williams, Philadelphia, PA, for Jackson and Coker, Inc.

## MEMORANDUM ORDER

ROBRENO, District Judge.

AND NOW, TO WIT this 29th day of January, 1993, upon consideration of Jackson and Coker, Inc.'s motions in limine, IT IS ORDERED that:

1) Jackson and Coker's motion to exclude evidence of the proceedings relating to the unemployment award at issue in this case (Docket No. 33 in 91–5127) is GRANTED IN PART AND DENIED IN PART. A.J. Lynam and Connie M. Lynam ("the Lynams") will be permitted to demonstrate at trial that Mr. Lynam initiated attempts to obtain unemployment benefits, and that Jackson and Coker did not raise an objection to Mr. Lynam's right to such benefits until after the Lynams began to pursue religious discrimination claims against Jackson and Coker. The Lynams, however, will not be permitted to introduce any evidence of whether Mr. Lynam was successful in his pursuit of unemployment benefits.

2) Jackson and Coker's motion to exclude evidence of settlement offers (Docket No. 37 in 91–5127) is GRANTED IN PART AND DENIED IN PART. The Lynams will be permitted to demonstrate at trial that the parties had at one point been engaged in settlement negotiations, and that Jackson and Coker filed its claim for repayment of the Lynams' loan after those settlement negotiations failed. The Lynams,

however, will not be permitted to introduce evidence of the terms of any settlement offers.

3) Jackson and Coker's motion to exclude the expert testimony of Professor Gerry O'Sullivan (Docket No. 32 in 91–5127) is GRANTED IN PART AND DENIED IN PART, as follows:

a) The Lynams will be precluded from introducing at trial any evidence of the history or teachings of the Church of Christ. At issue in this case is whether Mr. Lynam himself was subjected to religious discrimination. General background information on the religious beliefs of the Church of Christ has no bearing on this issue.

b) The Lynams will also be precluded from presenting testimony, in their case in chief, as to any evangelical policies of the Church of Christ. Since the Church of Christ is not a defendant in this action, to impute the Church policies to the defendant would be unfair. Even assuming that certain members of the board of directors or senior executives of the defendant had affiliations with a religious group that may endorse "zealous" evangelical practices, this fact is not directly relevant to proving that Mr. Lynam was subjected to such zealousness. Further, admission of evidence of this nature would result in confusion of the jury and delay of the proceedings, requiring a "trial within a trial" by forcing the parties to present voluminous evidence as to the true nature of the Church of Christ's policies. *See* Fed.R.Evid. 403, 404. If defendant refers to Church policies or otherwise "opens the door" to this area, Lynam may be allowed to introduce rebuttal evidence relating to such policies upon timely request to the Court.